UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DEVON JOESPH ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE MARIE PEPPLEY;<br>ELIZABETH BRAVENDER;<br>ANGELA LEE PROULX; and BREE<br>DERRICK,[1]<br><br>Defendants. | Case No. 1:26-cv-00154-DCN<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

Plaintiff is a prisoner in the legal custody of the Idaho Department of Correction ("IDOC") and is currently incarcerated in Arizona. The Clerk of Court conditionally filed Plaintiff Devon Joesph's initial complaint because of Plaintiff's status as an inmate, and Plaintiff later filed an Amended Complaint.[2] A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed.

---

[1] The Court takes judicial notice that Bree Derrick is the Director of the Idaho Department of Correction. Fed. R. Evid. 201. Though Plaintiff has not identified Derrick as a Defendant in the caption of the Amended Complaint, it appears from other filings that Plaintiff might have intended to do so. Two of Plaintiff's motions specifically identify Derrick as a Defendant. *See* Dkts. 3 & 4. Therefore, the Court construes the Amended Complaint as including this individual. *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[T]he question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint."). Plaintiff has since stated that he is not suing any governmental officer, which would exclude Derrick as a Defendant. *See* Dkt. 14. As master of his pleadings, however, it is Plaintiff's responsibility to identify those against whom he seeks relief. If Plaintiff does not intend to name Derrick as a Defendant, he should omit any reference to Derrick in his filings.

[2] Plaintiff's initial pleading was entitled, "Petition for Leave to File Civil RICO Complaint." Dkt. 1. Because the Federal Rules of Civil Procedure do not contemplate such a pleading, the Clerk of Court correctly

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

Having reviewed the record, the Court concludes that the Amended Complaint fails to state a claim upon which relief may be granted and that it appears frivolous and malicious. Accordingly, the Court enters the following Order directing Plaintiff to file a second amended complaint if Plaintiff intends to proceed.

The undersigned has also been advised by court staff that Plaintiff has been calling the Court frequently, sometimes more than once per day. The Court finds that Plaintiff has used these calls inappropriately to make legal arguments as to why this case is not subject to initial screening and as to why summons should immediately issue.[3] In an effort to preserve the Court's scarce resources, the Court will limit Plaintiff to one phone call to the Court per week while he has a case pending.

**1.    Authority and Legal Standards for Screening Complaints**

Before docketing or as soon as possible after docketing, the Court must review all complaints filed by in forma pauperis plaintiffs or by prisoners who seek redress against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2) (in forma pauperis complaints), § 1915(A)(b) (prisoner plaintiffs). Upon screening, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

construed the document as a civil complaint. Thus, Plaintiff's amended pleading, filed at Dkt. 5, is considered the "Amended Complaint."

[3] In these calls, Plaintiff evidently has also alleged behavior in addition to that described in the Complaint, which appear to be attempts at ex parte communication.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

As an initial matter, Plaintiff asserts that the Order of Conditional Filing was entered in error and that the Court lacks the authority to screen the Amended Complaint. Plaintiff argues that he paid the filing fee and is suing only "private nongovernmental defendants." *Motion to Rescind Order of Conditional Filing*, Dkt. 14. Thus, goes the argument, neither § 1915(e) nor § 1915A applies.

Contrary to Plaintiff's arguments, the Amended Complaint is indeed subject to initial review. This is so for two reasons. First, Plaintiff is a prisoner, and one Defendant is an officer or employee of a governmental entity. As explained in note 1, *supra*, Plaintiff has identified Bree Derrick—the Director of the IDOC—as a Defendant in two separate motions. This case is therefore subject to screening under § 1915A, which applies when a prisoner sues a state actor. That Plaintiff paid the filing fee is irrelevant for screening purposes, as § 1915A applies to such suits even if the prisoner has not requested in forma pauperis status.

Second, even if Derrick were not included as a Defendant in this case—meaning there would be no governmental officer Defendants and § 1915A might not apply—the Amended Complaint would still be subject to initial review under the Court's inherent powers. A district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing Wright & Miller, Federal Practice and Procedure, § 1357 at 593 (1969). To do so, a court must notify the plaintiff of its intent and afford the plaintiff "an opportunity to at least submit a written memorandum in opposition." *Id*. at 362. Additionally, as the Supreme Court has noted, a district court has the inherent authority "to dismiss a 'frivolous or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

malicious' action … even in the absence of [a] statutory provision." *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307 (1989); *see also Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."); *Mills v. Greenville Cty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008) ("[E]ven though the full filing fee has been paid, the *pro se* and non-prisoner [plaintiff's] claims are also subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.").

This Order constitutes the Court's notice to Plaintiff that the Amended Complaint is subject to dismissal because it fails to state a claim on which relief may be granted and because it appears frivolous and malicious. Plaintiff will be given an opportunity to respond. In filing any such response, Plaintiff should consider the following.

**2.      Pleading Standards**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of

illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal is still appropriate if, from the face of the complaint, an affirmative defense is an "obvious bar to securing relief." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

### 3.    Factual Allegations

This Court has presided over another of Plaintiff's cases in which it took judicial notice of Plaintiff's state court convictions. That case was an attempt by Plaintiff to remove his then-pending state criminal case to this Court. Because Plaintiff's convictions are important to place Plaintiff's claims in the instant action in context, the Court will recite that history here:

> In 2022, Petitioner was on parole for a conviction of felony malicious injury to property and was involved in a turbulent relationship with a woman named Christine Peppley. On April 14, 2022, Petitioner was charged with stalking in the first degree "by repeatedly calling and/or messaging her

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

multiple times from different numbers" in Ada County criminal case No. CR01-22-11844 (Case 11844). Dkt. 1-2 at 2-3. The complaint also alleged that the conduct was a violation of Petitioner's parole. Petitioner was arrested and returned to prison.

On March 15, 2023, in the midst of Case 11844, Petitioner filed a civil lawsuit against Peppley in Ada County Case No. CV01-23-02459 (Case 2459). Petitioner asserted that Peppley produced false evidence that was the foundation of probable cause for the charges in Case 11844. Case 2459 was eventually dismissed when the jury Case 11844 reached a guilty verdict, consequently showing there was probable cause for the charges underlying the claims in Case 2459.

On June 27, 2023, also in the midst of Case 11844, Petitioner filed a state court civil lawsuit, Ada County Case No. CV01-23-10174 (Case 10174) against the presiding judge, the prosecutor, the detective, and Peppley, based on Case 11844. Petitioner alleged mishandling of Case 11844 that allegedly amounted to constitutional violations. The state district court denied Petitioner's in forma pauperis application, finding he had sufficient funds to pay the filing fee. Petitioner did not proceed.

On November 14, 2023, in Case 11844, a jury found Petitioner guilty of the felony stalking charge after a jury trial at which Christine Peppley, Elizabeth Bravender, and Richard McRoberts testified against Petitioner. Petitioner was also found guilty of being a persistent violator. On January 10, 2024, Petitioner was sentenced to 15 fixed years of incarceration, with 25 indeterminate years. Petitioner currently is pursuing an appeal in Case 11844.

In November 2024, Petitioner allegedly harassed these two witnesses and the victim by calling them from prison. Dkt. 1-2. In that same month, Petitioner violated a no-contact order prohibiting him from contacting the victim various times. Id. at 3-4.

In January 2025, Petitioner filed a federal court civil lawsuit, Case No. 1:25-cv00030-AKB, against Peppley, Bravender, the detective, and various state actors from Case

11184, asserting they were involved in conspiracy and racketeering against him in investigating, testifying in, and prosecuting Case 11184.

*Idaho v. Anderson*, No. 1:25-cv-00433-DCN, Dkt. 12, at 1–3 (D. Idaho Nov. 6, 2025). Plaintiff's federal lawsuit, Case No. 1:25-cv00030-BLW, has since been dismissed.

The State charged Petitioner with a 10-count criminal complaint in Ada County Case No. CR01-25-07573 (Case 7573). The victims were "the witnesses and victim in Case 11184." *Id*. at 3.

An Amended Information Part I raised the charges in Case 7573 to 37 counts, along with a persistent violator sentencing enhancement alleged in an Amended Information Part II. The state court dismissed Charges 15 to 37 of the Amended Information Part I. *See Judgment* at 3, https://preview.icourt.idaho.gov/case/CR01-25-07573/county/Ada (Jan. 23, 2026) (accessed July 6, 2026). After a jury trial, Plaintiff was convicted of Counts 1 through 14 and the persistent violator enhancement. Plaintiff was sentenced to numerous fixed terms, most of which will be served consecutively, as well as an indeterminate period of life of prison. *Id*. at 3–6.

In the instant action, Plaintiff alleges that Christine Peppley, Elizabeth Bravender, and Angela Lee Proulx—victims and witnesses in Plaintiff's state criminal cases—conspired with law enforcement to get Plaintiff's parole revoked, and to instigate criminal prosecution against Plaintiff, by reporting his harassment and stalking behavior. *Am. Compl.* at 2–13. Plaintiff also alleges that Defendants provided false evidence and committed perjury in his criminal cases. *Id*. at 14–15. The actions of Defendants Peppley,

Bravender, and Proulx led to Plaintiff's parole revocation and to Plaintiff's additional charges resultant and convictions.

## 4.   Discussion

For the reasons that follow, the Court concludes that the Amended Complaint fails to state a claim upon which relief may be granted and is frivolous and malicious. The Court will grant Plaintiff 28 days to file a second amended complaint. Any such complaint should take into consideration the following.

### A.   Heck v. Humphrey *Appears to Bar Plaintiff's Claims, Making the Claims Both Implausible and Frivolous*

Plaintiff's claims appear barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, if success in a civil lawsuit would necessarily imply the invalidity of a plaintiff's criminal conviction, the plaintiff must first show that the conviction has already been overturned, invalidated, or otherwise called into question. *Id*. at 486–87. To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted) (quoting *Heck*, 512 U.S. at 487). *Heck* applies to parole revocations as well as convictions. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

If Plaintiff were to succeed on his claims that the alleged actions of the Defendants in this case were illegal, it would necessarily imply that Plaintiff's state court parole revocation and convictions—which were based on the reports these individuals made to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

law enforcement—are invalid. Therefore, to proceed with his claims in this case, Plaintiff must establish that his revocation and convictions have already been overturned. Because the Amended Complaint does not do so, Plaintiff's claims are barred by *Heck*.

A *Heck*-barred complaint fails to state a claim on which relief may be granted where, as here, the plaintiff seeks monetary damages. *See Washington*, 833 F.3d at 1057. A *Heck*-barred claim is also legally frivolous, *Landry v. Singley*, No. CV 25-0780, 2025 WL 2005020, at *1 (W.D. La. July 17, 2025), *aff'd*, No. 25-30416, 2026 WL 802296 (5th Cir. Mar. 23, 2026), meaning it has "no basis in law," *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). Accordingly, Plaintiff's claims are subject to dismissal under § 1915A and the Court's inherent powers.

Moreover, for the following reasons, even if *Heck* did not bar Plaintiff's claims, the Amended Complaint would still be subject to dismissal.

### B.      The Amended Complaint Fails to State a Plausible § 1983 Claim

Plaintiff asserts some of his claims under 42 U.S.C. § 1983, the civil rights statute. *Am. Compl.* at 1 (citing § 1983). To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a

plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The requirement that a defendant be acting under color of law for purposes of a § 1983 claim is often referred to as the state action requirement. Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances—"state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a § 1983 claim. *Id.* at 296. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted). A private party "may be designated a state actor for some purposes but still function as a private actor

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

in other respects." *Caviness v. Horizon Community Learning Ctr.*, 590 F.3d 806, 814 (9th Cir. 2010).

> i.      Claims against Defendants Peppley, Bravender, and Proulx

The Amended Complaint plausibly alleges only that Peppley, Bravender, and Proulx reported Plaintiff's behavior to law enforcement. Plaintiff's personal belief that these individuals acted in bad faith is insufficient to state a plausible § 1983 claim. The "obvious alternative explanation" is that these Defendants reported Plaintiff's behavior because they felt threatened by it. *Iqbal*, 556 U.S. at 682 (internal quotation marks omitted). Indeed, Plaintiff's parole was revoked, and he was convicted of numerous additional stalking charges, based on that behavior.

Plaintiff's claims against Peppley, Bravender, and Proulx are also implausible because the Amended Complaint contains no allegations plausibly suggesting they acted under color of law. Plaintiff's "bare allegations of conspiracy and collusion" with state actors are not enough to show state action. *McIntyre v. City & Cnty. of San Francisco*, 996 F.2d 1225 (9th Cir. 1993); *see also Twombly*, 550 U.S. at 556–57 (same) (discussing pleading standards in context of conspiracy claim under the Sherman Act).

Plaintiff's claims based on these Defendants' testimony in his criminal case are subject to dismissal for the additional reason that witnesses "are absolutely immune from liability for testimony at trial." *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015).

> ii.      Claims against Derrick

The Amended Complaint contains no allegations against Derrick. Therefore, it fails

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

to state plausible claim against this Defendant.

### C.       *The Amended Complaint Does Not State a Plausible § 1985 or 1986 Claim*

Plaintiff also brings claims under 42 U.S.C. §§ 1985 and 1986. *Am. Compl.* at 1. Section 1985 prohibits conspiracies to interfere with civil rights. To state a claim under Section 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions.[4] *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *McCalden v. California Library Association*, 955 F.2d 1214, 1223 (9th Cir. 1990), *superseded by rule on other grounds as stated in Harmston v. City & Cnty. of San Francisco*, 627 F.3d 1273 (9th Cir. 2010).

To state a plausible claim under §§ 1985 and 1986, a plaintiff must offer more than a bare allegation of a wrongful conspiracy, and "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556–57.

---

[4] Subsection (1) of 42 U.S.C. § 1985 does not apply, because that section prohibits conspiracies to prevent a *federal* officer from performing his or her duties. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) ("[Section 1985's] protections extend exclusively to the benefit of federal officers.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

Plaintiff does not plausibly allege a racial or class-based animus on the part of Defendants, nor does the Amended Complaint give rise to a reasonable inference that any Defendant engaged in, or negligently failed to prevent, a conspiracy to violate civil rights. As a result, the Amended Complaint fails to state a claim on which relief may be granted under §§ 1985 and 1986.

### D.    The Complaint Does Not State a Plausible RICO Claim

Plaintiff also brings claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Am. *Compl. at 1*. RICO provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

A finding of liability under § 1962(c) requires "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). A pattern of racketeering requires proof of two or more predicate acts of racketeering that are related and that are in furtherance of a single criminal scheme. *Id*. at 193.

A list of racketeering acts upon which a RICO action must be based is set forth in 18 U.S.C. § 1961. Subsection 1961(1)(A) defines a racketeering activity as "any act or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance." Additionally, subsection 1961(1)(B) describes a racketeering activity as any act indictable as a crime under certain provisions of Title 18 of the United States Code. "Civil rights violations … do not fall within the statutory definition of 'racketeering activity.'" *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

The Amended Complaint does not plausibly allege any racketeering activity, much less a pattern of such activity. Rather than committing crimes, the obvious alternative explanation is that Defendants were *reporting* crimes. *See Iqbal*, 556 U.S. at 682. Thus, Plaintiff's RICO claims are subject to dismissal.

### E.      The Amended Complaint Does Not State a Plausible Claim under Idaho's Racketeering Act

Under Idaho Code § 18-7805, the state's version of RICO, a person injured by a "racketeering activity" may file a civil suit. "Racketeering" is defined as "acts chargeable or indictable" under various statutes in Idaho's criminal code or equivalent crimes in other jurisdictions. Idaho Code § 18-7803(a).

Plaintiff's state racketeering claims fail as a matter of law for the same reason as his federal RICO claims. Defendants were reporting crimes, not committing them. Thus, these claims must also be dismissed.

### F.      This Action Appears Malicious

Finally, the Amended Complaint in this case appears to be malicious. A claim is malicious "when it is filed with the intention or desire to harm another." *Knapp v. Hogan*,

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14

738 F.3d 1106, 1109 (9th Cir. 2013) (internal quotation marks omitted). Malicious claims also include those that are "attempts to vex … or harass the defendants," that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims," or that can be characterized as "irresponsible or harassing litigation." *Scott v. Weinberg*, 2007 WL 963990, at \*12–13 (D. Wash. March 26, 2007).

Plaintiff is suing the victims and witnesses in his state criminal cases, in which he was convicted of a multitude of stalking charges. The Amended Complaint in this case appears to be nothing more than yet another attempt to harass these individuals—this time from behind prison bars. Accordingly, this case appears subject to dismissal as malicious.

**5.    Standards for Second Amended Complaint**

If Plaintiff chooses to file a second amended complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive initial screening. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. Plaintiff must also set forth facts showing that his claims are not barred by *Heck v. Humphrey* and that they are not malicious.

Further, any second amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Second Amended Complaint." Plaintiff's name and

INITIAL REVIEW ORDER BY SCREENING JUDGE - 16

address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff does not amend within 28 days—or if the amendment is frivolous, malicious, or fails to state a claim upon which relief may be granted—this case may be dismissed without further notice. *See Knapp*, 738 F.3d at 1110 ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Rescind Order of Conditional Filing (Dkt. 14) is DENIED.

2. The Amended Complaint fails to state a claim upon which relief may be granted and contains frivolous and malicious claims. Plaintiff has 28 days within which to file a second amended complaint as described above. If Plaintiff does not file a timely second amended complaint, this case may be dismissed with prejudice and without further notice.

3. While Plaintiff has a case pending in this Court, he is limited to one phone call to court staff per week. Violation of this restriction may result in sanctions.

4. Because a second amended complaint is required for Plaintiff to proceed, Plaintiff's Motions for Temporary Restraining Orders, Motion for Leave of

Court Re: The Carver Conspiracy, and Plaintiff's Motion to Issue Summons Re: Zechariah 5:3 (Dkts. 3, 4, 7, and 11) are DENIED AS MOOT.

5.    Any second amended complaint will be subject to screening under the Court's inherent powers. No summons will issue unless and until Plaintiff is permitted to proceed on a second amended complaint.

DATED: July 9, 2026

_____

David C. Nye
U.S. District Court Judge